Willie *v.* Parkhurst.

## WILLIE AP'T. *v.* PARKHURST AP'EE.

By section 15 of chapter 17 of the Compiled Statutes, all the civil business of the common pleas, in Grafton county, must be transacted in that judicial district in which it originates, in the same manner as though the respective districts were distinct counties.

Where a civil suit was brought before a justice of the peace, in Wentworth, in the eastern judicial district of Grafton county, where the defendant resided, and judgment was there rendered against the plaintiff, a resident of Benton, in the western district, and an appeal was taken by the plaintiff—*held*, that the appeal should be entered in the common pleas, in the eastern district, in which Wentworth was situated, and that being entered in the western district, it should be dismissed.

APPEAL from the judgment of a justice of the peace.

It appeared from the copies of the case which were returned to the common pleas by the justice, that when the action was commenced, the appellant, who was the original plaintiff, was an inhabitant of Benton, and the appellee, who was the original defendant, was an inhabitant of Wentworth. The writ was returnable before the justice at Wentworth.

The appellee moved the common pleas that the appeal be dismissed, on the ground that it was entered in the wrong district.

The appeal was entered in the western judicial district.

And it was ordered that the questions arising upon the

motion be reserved and assigned to the superior court, for their determination.

*Herbert* and *Norris*, for the appellee and for the motion, contended that the statute settled the question. They referred to Comp. Stat. ch. 17, § 15.

*Smith*, for the appellant.

There are no districts, in this county, as applicable to the jurisdiction of a justice of the peace. The rights of the appellee are the same as those of a plaintiff, when he brings an action in the common pleas, one party living in each district. Comp. Stat. 75.

Suppose the parties live in Warren, in the western district, and a justice writ is returnable before a justice for the county, at Wentworth, in the eastern district, and the defendant pleads title to real estate, where does the action go? It is a local action, and there can be no districts as to that.

We submit that the place or town of holding the justice court, does not determine the place where the appeal shall go, and that the statute cited by the other side is applicable only to actions brought in the common pleas.

EASTMAN, J. By section 12 of chapter 17 of the Compiled Statutes, it is enacted as follows: "The county of Grafton is divided into two judicial districts, to be known by the names of the eastern and western judicial districts of the county of Grafton."

Section 13 of the same chapter enumerates the towns that "constitute the eastern judicial district," and among them is the town of Wentworth.

Section 14 enumerates the towns that "constitute the western judicial district," and among them is the town of Benton.

Section 15 is as follows: "All actions, petitions, appeals

and prosecutions, in all civil cases, shall be commenced, entered and prosecuted in the court of common pleas for said districts, in the same manner they would be if each of said districts was a distinct county."

The language of the statute is very explicit, and it appears to us that there cannot be any doubt in regard to the question transferred. The county is divided into two districts, in express terms, and the civil business of the common pleas is to be transacted in the same manner as if each district was a distinct county. The phraseology of the 15th section would seem to be too plain to leave any room for doubt. All actions, petitions, *appeals*, and prosecutions, in *all* civil cases, shall be commenced, *entered*, and prosecuted in the court of common pleas for said districts, in the same manner they would be if each of said districts was a *distinct county*.

The criminal business of the county remains unchanged by the division into districts; for the division is not to affect the rights or duties of any officer or person, except so far as is expressly provided in the chapter. And so, likewise, with the ordinary business of a justice of the peace. Comp. Stat. ch. 17, § 16.

But all civil business, entered or transacted in the common pleas, is to be done in the same manner as if each of the districts was a distinct county. So far as the civil business of the common pleas is to be regarded, each district is a distinct county.

This action was originally entered before a magistrate in the town of Wentworth, in the eastern judicial district, against the defendant residing there, the plaintiff residing at Benton, in the western district. Judgment was rendered against the plaintiff, at Wentworth, and from that judgment he took an appeal. Now were Benton and Wentworth in two distinct counties, where should the appeal be entered? Manifestly in that county in which Wentworth is situated, and where the judgment was rendered. It could not follow

the plaintiff into another county, nor would the common pleas, in such county, have jurisdiction of the action. If, then, these districts are to be treated as distinct counties, for the transaction of all civil business in the common pleas, and all appeals, in all civil actions, are to be entered and prosecuted in the common pleas, in the same manner they would be if each of the districts was a distinct county, this appeal should have been entered in the eastern judicial district in which Wentworth is situated, and where the action was originally entered and judgment rendered; and not having been entered there, but in the western district, the motion to dismiss the appeal was properly made, and should be granted.